JEFF D. FRIEDMAN (173886)
jefff@hbsslaw.com
SHANA E. SCARLETT (217895)
shanas@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

KASSRA P. NASSIRI (215405)
knassiri@nassiri-jung.com
CHARLES H. JUNG (217909)
cjung@nassiri-jung.com
NASSIRI & JUNG LLP
251 Kearny Street, Suite 501
San Francisco, CA 94108
Telephone: (415) 373-5699
Facsimile: (415) 534-3200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NEW CENTURY INTERNATIONAL CORPORATION, a Nevada corporation d/b/a NATURAL AREA RUGS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VALUECLICK, INC., a Delaware Corporation, Its Wholly-Owned Subsidiary COMMISSION JUNCTION, INC., and Its Wholly-Owned Subsidiary BE FREE,<br><br>Defendants. | No. CV-07-02638-FMC (CTx)<br><br>CLASS ACTION<br><br>DECLARATION OF JEFF D. FRIEDMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARDS<br><br>Judge: Hon. Florence-Marie Cooper<br>Date: January 5, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 750 (Roybal)<br><br>ACTION FILED: April 20, 2007 |

001969-12 268974 V1

I, JEFF D. FRIEDMAN, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am associated with the law firm of Hagens Berman Sobol Shapiro LLP, one of the counsel of record for Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I am submitting this declaration in support of final approval of the settlement in this action and in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above-entitled action and the reimbursement of expenses incurred by my firm in the course of this litigation.

3. Hagens Berman Sobol Shapiro LLP is counsel of record for Plaintiffs Carrier and New Century International Corporation d/b/a Natural Area Rugs.

4. On April 20, 2007, Plaintiffs Settlement Recovery Center, LLC and Mireille Carrier filed two separate class action lawsuits in this Court against Defendants. The complaints were filed on behalf of: (1) advertisers whom Defendants allegedly caused to improperly pay commissions to adware entities; and (2) publishers whom Defendants allegedly deprived of rightful commissions.

5. On June 13, 2007, Defendants moved to dismiss the complaints. Defendants argued that they had no legal obligation or duty to detect particular instances of commission theft because the contracts between Defendants and Plaintiffs expressly disclaimed such liability. Notwithstanding the lack of a duty, Defendants represented they did make efforts to investigate non-compliant behavior and either educated or removed violators from their networks, such that any remaining instances of adware or commission theft were trivial.

6. On August 27, 2007, this Court denied in part and granted in part Defendants' motions to dismiss, dismissing the claim for negligence but upholding all other claims in the *Settlement Recovery Center* action, and upholding all claims in

the *Carrier* action. Defendants' motions to strike were denied in their entirety. On November 13, 2007, Plaintiff SRC filed a first amended complaint, alleging breach of contract, unjust enrichment and violations of California's Unfair Practices Act, and also added Plaintiff NAR. On November 15, 2007, Plaintiff Carrier filed a first amended complaint alleging breach of contract, negligence and violation of California's Unfair Competition Law. On January 14, 2008, the two actions were consolidated by order of this Court.

7. Significant discovery was conducted in this action up to and through the point where settlement was reached. Plaintiffs conducted formal discovery before the parties agreed to a standstill of discovery pending settlement discussions. The parties exchanged initial disclosures. Plaintiffs served a combined total of 197 document requests and 27 special interrogatories. Plaintiffs deposed Anders Bjoras, Commission Junction's Vice President of Engineering, on a variety of technical topics, for which Defendants designated Ander Bjoras. Defendants received responses to special interrogatories from Plaintiffs Carrier and SRC.

8. During the litigation, Defendants provided substantial informal discovery to Plaintiffs. This included detailed descriptions of Defendants' business operations, such as its systems and processes related to prevention, detection and response to adware. Defendants provided Plaintiffs with several thousand pages of sample transaction data, two separate analyses of liability and damages, one set of disclosures in response to Plaintiffs' follow-up inquiries, the declaration of Anders Bjoras and a declaration from a member of Defendants' Network Quality department describing Defendants' adware detection efforts prior to this settlement.

9. Plaintiffs' technical expert was allowed access to all of this information and worked closely with Plaintiffs' counsel in assessing Defendants' existing systems and processes in order to prove liability, assessing the available historical

1 data in order to establish damages, and proposing certain changes in Defendants'
2 systems and processes to prevent future harm from adware.

3     10.    On February 12, 2008, the parties held an all-day meeting at
4 Defendants' offices in Santa Barbara. At all times the meeting was at arm's length
5 and hard fought. Attending the February 12, 2008 meeting were counsel for all
6 parties, Todd Miller, Commission Junction's Director of Support Operations and
7 Anders Bjoras, Commission Junction's Vice President of Engineering. The parties'
8 primary concern during the course of these intensive and lengthy arm's-length
9 discussions was to identify potential areas in Defendants' business operations that
10 could be improved to reduce the risk of commission theft and other harms to
11 publishers and advertisers resulting from the use of adware on Defendants' affiliate
12 networks. This session was attended by Plaintiffs' technical expert, who directly
13 participated in a highly-technical question-and-answer discussion with the high-level
14 employees in charge of Defendants' technical operations.

15     11.    On February 25, 2008, the parties engaged in mediation in San
16 Francisco before the Honorable Edward Panelli (Ret.). At the conclusion of the all-
17 day session, Justice Panelli made a "mediator's proposal" for settlement and asked
18 that the parties either accept or reject the proposal within one week. After
19 subsequent negotiations regarding the terms of the injunctive relief, each party
20 accepted Justice Panelli's proposal and agreed to a settlement of all claims asserted
21 against the Defendants.

22     12.    During settlement negotiations, Defendants communicated their intent
23 to oppose any attempt to certify a class in either litigation and disputed whether these
24 actions would be manageable for trial.

25     13.    At least two circumstances difficulties exist making it extremely
26 difficult to reliably prove damages in this case: (1) Defendants' pre-lawsuit data
27 retention policies were to destroy the historical data important to proving damages;
28

- 3 -

and (2) it is highly unlikely a perfect system could be devised to detect all adware transactions and give proper credit for those transactions to the rightful publishers.

14. Defendants' agreement to pay up to a certain amount of attorneys' fees and expenses was negotiated separately, at arm's-length, with the assistance and oversight of California Supreme Court Justice Panelli (Ret.), and only after the material terms of the settlement had been agreed upon.

15. The two named Plaintiffs, Ms. Carrier and New Century International Corporation, were active participants in this litigation. During the pendency of this case, they have responded to many questions by Class Counsel, provided documentation regarding their injuries and experiences with Defendants, responded to discovery requests and assisted in the development of the facts.

16. At the time of this declaration, I am informed and believe that the Settlement Claims Administrator sent notice to approximately 839,926 Class Members – 834,211 members of the Publisher Settlement Class and 5,715 of the Advertiser Settlement Class. As of November 14, 2008, I am informed and believe that there have a total of 332 requests for exclusion. In contrast, only six (6) Class Members submitted objections.

17. Plaintiffs' counsel fully support the settlement, and it is their informed opinion that, given the uncertainty and expense of pursuing Defendants through trial, the settlement is fair, reasonable and adequate and in the best interests of the Settlement Classes. Based on months of litigating the cases and engaging in formal and informal discovery, the parties understood the strengths and weaknesses of their cases and had sufficient information to support a decision regarding the fairness of the Settlement Agreement.

(a) The total number of hours spent on this litigation by my firm is 967.75. The total lodestar amount for attorney/paralegal time based on the firm's current rates is $406,025.75. The hourly rates shown below are the usual and

- 4 -

customary rates charged for each individual. My firm incurred a total of $23,267.15 in unreimbursed expenses in connection with the prosecution of this litigation. A breakdown of the lodestar and expenses is as follows:

**Summary**
| | | | |
|---|---|---|---|
| Time | 967.75 Hours | Lodestar | $406,025.75 |
| Costs Advanced | | | $23,267.15 |
| Total Investment | | | $429,292.90 |

| | | Position | Hrs | Recorded Rate | Recorded Billable Time |
|---|---|---|---|---|---|
| **Total Time** | | | | | |
| JDF | JD Friedman | Of Counsel | 414.45 | $ 535.00 | $221,730.75 |
| KGA | KG Acosta | Para | 14.25 | $ 150.00 | $2,137.50 |
| NFQ | NF Quon | Para | 172.05 | $ 150.00 | $25,807.50 |
| RRK | RR Kathrein | Partner | 1.00 | $ 575.00 | $575.00 |
| SES | SE Scarlett | Assoc | 365.00 | $ 425.00 | $155,125.00 |
| SW | SW Berman | Partner | 1.00 | $ 650.00 | $650.00 |
| | | | | | |
| **Total Time** | | | **967.75** | | **$406,025.75** |
| | | | | | |
| 1969.10 | | | | | $0.10 |
| 1969.11 | | | | | $14,386.61 |
| 1969.12 | | | | | $8,880.44 |
| **Expenses** | | | | | **$23,267.15** |
| | | | | | |
| **SUMMARY** | | | | | |
| **Total Time** | | | | | **$406,025.75** |
| **Total Expenses** | | | | | **$23,267.15** |
| **Total All Matters - 1969.xx ValueClick** | | | **967.75** | | **$429,292.90** |

18.  The expenses incurred pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred.

19.  Attached are true and correct copies of the following exhibits:

- 5 -

001969-12 268974 V1

| | | |
|---|---|---|
| Exhibit A: | Agreement for Settlement of Carrier and NAR Litigation, dated May 29, 2008; |
| Exhibit B: | the Long-Form Notice in the present litigation; |
| Exhibit C: | the Short-Form Notice for Postcard Distribution in the present litigation; |
| Exhibit D: | the E-Mail Notice in the present litigation; |
| Exhibit E: | Objection from Jeff Redding, dated September 15, 2008; |
| Exhibit F: | Objection from Thomas Switzer, dated September 23, 2008; |
| Exhibit G: | Objection from Suttipong Chanbanyong, dated September 16, 2008; |
| Exhibit H: | Objection from Mobolaji Martins, dated August 5, 2008; |
| Exhibit I: | Objection from Laure Lafrance, dated August 27, 2008; |
| Exhibit J: | Objection from Pamela Ware, dated Sept. 15, 2008; |
| Exhibit K: | The firm resume of Hagens Berman Sobol Shapiro LLP; |
| Exhibit L: | Declaration of Anders Bjoras, dated May 15, 2008; |
| Exhibit M: | The resume of Hon. Edward A. Panelli (Ret.), mediator at JAMS; |
| Exhibit N: | CJ Access Advertiser Service Agreement; |
| Exhibit O: | Billing summary of attorneys' fees and expenses prepared from the books and records of this firm. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of November 2008, at Berkeley, California.

                                                   /s/ Jeff D. Friedman
                                                   JEFF D. FRIEDMAN

001969-12 268974 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

              /s/ Jeff D. Friedman
              JEFF D. FRIEDMAN

001969-12 268974 V1

# Mailing Information for a Case 2:07-cv-02638-FMC-CT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **S Ashlie Beringer**
  aberinger@gibsondunn.com

- **Jaime Dodge Byrnes**
  jbyrnes@gibsondunn.com,rmcbain@gibsondunn.com

- **Jeff D Friedman**
  jefff@hbsslaw.com

- **Reed R Kathrein**
  reed@hbsslaw.com

- **Kassra Powell Nassiri**
  knassiri@nassiri-jung.com

- **G Charles Nierlich , III**
  gnierlich@gibsondunn.com

- **Shana E Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Scott Patrick Barlow
ValueClick Inc
30699 Russell Ranch Rd. Ste 250
Westlake Village, CA 91362

Charles H Jung
Nassiri & Jung
251 Kearny Street, Suite 501
San Francisco, CA 94108

Gail E Lees
Gibson Dunn & Crutcher
333 South Grand Avenue, 45th Floor
Los Angeles, CA 90071-3197
```